IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Christopher Dekota Smith, | ) | C/A No.: 4:10-2704-RBH-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| Olanta Police Department; Florence County Sheriff's Department; Williamsburg County Sheriff's Department; William Hester; Pamela Lail; Mark Strickland; and Emmanuel Graham, | ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) ) | |

Plaintiff Christopher Dekota Smith, proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983. Plaintiff is currently a detainee at the Florence County Detention Center, and files this action *in forma pauperis* under 28 U.S.C. § 1915. The Complaint names three law enforcement departments, and employees thereof, as Defendants. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Rule 73.02(B)(2)(d) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. *See* 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to dismissal). For the reasons that follow, the undersigned recommends the district judge dismiss the complaint in this case without prejudice and without issuance and service of process as to the following

Defendants: (1) Olanta Police Department; (2) Florence County Sheriff's Department;[1] (3) Williamsburg County Sheriff's Department; and (4) Pamela Lail. An order authorizing the issuance and service of process for Defendants Hester, Strickland, and Graham shall be entered contemporaneously with this Report and Recommendation.

I.    Standard of Review

Plaintiff filed this Complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *Allison v. Kyle*, 66 F.3d 71, 73 (5th Cir. 1995).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the

---

[1] Plaintiff's complaint originally named the Lake City Police Department. However, Plaintiff submitted a letter to the Court, which indicates that he wrongly identified the Lake City Police Department as a Defendant in this case. [Entry #1-2]. Plaintiff's letter requested that the proper Defendant, the Florence County Sheriff's Department, be substituted for the Lake City Police Department on the court's docket.

2

development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N. Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which a plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390-91 (4th Cir. 1990).

II.     Discussion

The complaint alleges Plaintiff has been subjected to an "unlawful and wrongful arrest" by the Defendants. Compl. at 2 [Entry #1]. Specifically, Plaintiff claims that law enforcement investigators Mark Strickland, William Hester, and Emanuel Graham arrested Plaintiff for the offenses of "armed robbery and weapons charges" in May of 2010. *Id.* at 3–4. Plaintiff states there was insufficient evidence for his arrest and that the investigators did "a poor job" of investigating. *Id.* Plaintiff alleges that Investigator Pamela Lail served Plaintiff with three arrest warrants for armed robbery, conspiracy, and weapons charges on September 15, 2010. *Id.* at 4. Plaintiff identifies the Olanta Police Department, Florence County Sheriff's Department, and Williamsburg County Sheriff's

Department as the entities which employ Defendants Hester, Lail, Strickland, and Graham.  Plaintiff seeks monetary damages and dismissal of all charges.[2]

As an initial matter, the Florence County Sheriff's Department and the Williamsburg County Sheriff's Department are protected from the instant suit by the Eleventh Amendment, which forbids a federal court from rendering a judgment against an unconsenting state in favor of a citizen of that state. *Edelman v. Jordan*, 415 U. S. 651, 663 (1974).  State agencies and state instrumentalities share this immunity when they are the alter egos of the state.  In South Carolina, a sheriff's department is an agency of the state, not a department under the control of the county.  *Brown v. Middleton*, No. 08-1937, 2010 WL 145134 at **4 n.8 (4th Cir. Jan. 15, 2010) (*citing  Gulledge v. Smart*, 691 F.Supp. 947 (D.S.C.1988)(holding that, in South Carolina, sheriffs and deputies are state officials)). *See also Carroll v. Greenville County Sheriff's Dep't,* 871 F. Supp. 844, 846 (D.S.C. 1994)(suit against the sheriff's office is suit against the state). As an agency of the state, the Florence and Williamsburg County Sheriff's Departments are immune from suit under the Eleventh Amendment. *Stewart v. Beaufort County*, 481 F.Supp.2d. 483, 492 (D.S.C. 2007)("[A] federal court lacks jurisdiction to hear a cause of action against a

---

[2] To the extent Plaintiff is seeking release from confinement, such relief is unavailable under 42 U.S.C. § 1983. *See Preiser v. Rodriguez,* 411 U.S. 475, 500 (1973) (habeas corpus is the exclusive remedy for a prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release).

South Carolina Sheriff's Department, as such a suit is barred by state immunity."). Therefore, these two Defendants are entitled to summary dismissal from this case.[3]

Further, to the extent the Olanta Police Department may be considered a local governmental entity, rather than an agency of the State, Plaintiff's claim against this Police Department is still subject to summary dismissal. Municipal liability is based on execution of a governmental policy or custom, *Monell v. Dep't of Social Servs.*, 436 U.S. 658 (1978), and a municipality may not be held liable under § 1983 solely because it employs the tort-feasor. Rather, a plaintiff must identify a municipal "policy" or "custom" that caused the plaintiff's injury. *Board of County Commissioners v. Brown*, 520 U.S. 397 (1997); *Kirby v. City of Elizabeth City, North Carolina,* 388 F.3d 440, 451 (4th Cir. 2004). The instant complaint fails to identify any policy or custom of the Olanta Police Department that caused Plaintiff's federal rights to be violated. As Plaintiff fails to state a cognizable § 1983 claim against the Olanta Police Department, this Defendant is also entitled to dismissal from this action.

Next, Plaintiff sues Investigator Pamela Lail for serving Plaintiff with three arrest warrants on September 15, 2010. To state claim for false arrest under § 1983, a plaintiff must claim an arrest was made without an arrest warrant. *Porterfield v. Lott*, 156 F.3d

---

[3] While Congress can override Eleventh Amendment immunity through legislation, it has not overridden the states' Eleventh Amendment immunity in § 1983 cases. *See Quern v. Jordan*, 440 U. S. 332, 343 (1979). In addition, although a State may consent to a suit in a federal district court, *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 99 & n. 9 (1984), the State of South Carolina has not consented to such actions. *See* S.C. Code Ann. § 15-78-20(e).

563, 568 (4th Cir. 1998) ("[A] claim for false arrest may be considered only when no arrest warrant has been obtained."); *see also Dorn v. Town of Prosperity*, No. 08-2005, 2010 WL 997175 at **5 (4th Cir. Mar. 18, 2010). As the complaint clearly indicates that Defendant Lail's arrest was made pursuant to arrest warrants, Plaintiff's claim for false arrest against this Defendant must fail. It is also noted that Plaintiff claims Defendant Lail "did a poor job investigating." However, the law is well settled that negligence, in general, is not actionable under 42 U.S.C. § 1983. *See Daniels v. Williams*, 474 U.S. 327, 334-336 & n.3 (1986); *Pink v. Lester*, 52 F.3d 73 (4th Cir. 1995) (*Daniels* bars an action under § 1983 for negligent conduct). As negligence is not a constitutional violation, and Plaintiff fails to state a cognizable false arrest claim against Lail, this Defendant should be summarily dismissed from this case.

III.  Conclusion

Accordingly, it is recommended that the district judge dismiss the above-captioned case without prejudice and without issuance of service of process as to the following Defendants: (1) Olanta Police Department; (2) Florence County Sheriff's Department; (3) Williamsburg County Sheriff's Department; and (4) Pamela Lail.

IT IS SO RECOMMENDED.

February 7, 2011                                                         Shiva V. Hodges
Florence, South Carolina                                         United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**