IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Christopher Dekota Smith, | ) | Civil Action No.: 4:10-cv-02704-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Olanta Police Department, Florence County | ) | |
| Sheriff's Department, Williamsburg County | ) | |
| Sheriff's Department, William Hester, | ) | |
| Pamela Lail, Mark Strickland, and | ) | |
| Emmanuel Graham, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Plaintiff, a state pretrial detainee proceeding *pro se*, brought this suit pursuant to 42 U.S.C. § 1983. This matter is now before the court with the [Docket Entry 15] Report and Recommendation ("R & R") of United States Magistrate Judge Shiva V. Hodges[1] filed on February 7, 2011. In the R & R, the Magistrate Judge recommended dismissal, without prejudice, of four (4) of the defendants. Plaintiff timely filed objections to the R & R. *See* Obj. [Docket Entry 20].

## **Allegations**

Plaintiff's [Docket Entry 1] Complaint alleges that Defendants subjected him to "unlawful and wrongful arrest." Compl. at 2. Specifically, Plaintiff alleges that Defendants Mark Strickland, William Hester, Emmanuel Graham, and Pamela Lail arrested Plaintiff on "weapons charges" and "armed robbery" charges. *Id.* at 3-4. Further, he alleges Defendant Lail served him with three (3) arrest warrants for armed robbery, conspiracy, and weapons charges on September 15, 2010. *Id.* at 4. Plaintiff contends that there was insufficient evidence for his arrest and that Defendants did "a

---

[1] This matter was referred to Magistrate Judge Hodges pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(d), D.S.C.

poor job" of investigating. *Id.* at 3-4. The Complaint identifies Defendants Olanta Police Department, Florence County Sheriff's Office, and Williamsburg County Sheriff's Office as the entities that employ Defendants Strickland, Hester, Graham, and Lail. For relief, Plaintiff seeks monetary relief–$50,000 for the "unlawful and wrongful arrest" and $1,000 a day for "everyday that [he is] locked up"–and dismissal of all charges.[2] *Id.* at 5.

## Standard of Review

The Magistrate Judge makes only a recommendation to the court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the Magistrate

---

[2] Plaintiff filed this civil complaint against Defendants alleging false arrest and seeking monetary damages. However, as the Magistrate Judge correctly noted, to the extent Plaintiff also seeks release from confinement, such relief is unavailable under § 1983. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (holding that habeas corpus is the exclusive, sole federal remedy for a prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release). While Plaintiff reiterates in his objections that he desires "dismissal of all charges," Obj. at 1, he does not appear to otherwise object to the Magistrate Judge's recommendation regarding the unavailability of such relief. Upon review, the court agrees with the Magistrate Judge and adopts her recommendation that such relief is unavailable in this § 1983 action.

2

Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

## Discussion

In the R & R, the Magistrate Judge recommends dismissal, without prejudice, of Defendants Florence County Sheriff's Department, Williamsburg County Sheriff's Department, Olanta Police Department, and Pamela Lail. R & R at 6. Plaintiff objected to this recommendation. In his objections, Plaintiff contends that all parties "should be held accountable for their actions." Obj. at 1. More specifically, he argued that "[t]he county should not be allowed to act as a state agency and use the eleventh amendment as an escape when they are clearly in the wrong." *Id.* Finally, he re-alleged that Defendants have "failed to put forth evidence" against him. *Id.* Upon review, the court finds itself in agreement with the Magistrate Judge, and adopts her R & R for the reasons set forth below.

First, the instant suit against the Florence County Sheriff's Department and the Williamsburg County Sheriff's Department is barred by the Eleventh Amendment. The United States Supreme Court has held that, under the Eleventh Amendment, "an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State." *Edelman v. Jordan*, 415 U.S. 651, 663 (1974); *see also Puerto Rico Aqueduct and Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993). "This immunity [also] applies to state agencies that may be properly characterized as arm[s] of the State, . . . as well as to state employees acting in their official capacity." *Harter v. Vernon*, 101 F.3d 334, 337 (4th Cir. 1996) (internal citations and quotations omitted). In South Carolina, a sheriff's department is an agency of the state and therefore entitled to Eleventh Amendment immunity. *Brown v. Middleton*, 362 F. App'x 340, 346 n.8 (4th Cir. 2010)

(citing *Gulledge v. Smart*, 691 F. Supp. 947 (D.S.C. 1988), *aff'd*, 878 F.2d 379 (4th Cir. 1989) (holding that, in South Carolina, sheriffs and deputies are state officials); *see also Carroll v. Greenville County Sheriff's Dep't*, 871 F. Supp. 844, 846 (D.S.C. 1994) ("It is well established in [South Carolina] that a sheriff's office is an agency of . . . the state, such that a suit against the sheriff in his official capacity is a suit against the State."). As agencies of the State of South Carolina, the Florence County Sheriff's Department and the Williamsburg County Sheriff's Department are immune from suit under the Eleventh Amendment. *See Stewart v. Beaufort County*, 481 F. Supp. 2d 483, 492 (D.S.C. 2007) (holding that "a federal court lacks jurisdiction to hear a cause of action against a South Carolina Sheriff's Department, as such a suit is barred by state immunity"). Thus, Defendants Florence County Sheriff's Department and Williamsburg County Sheriff's Department are entitled to summary dismissal.

Second, Defendant Olanta Police Department likewise is entitled to summary dismissal. A municipality cannot be held liable under § 1983 "*solely* because it employs a tortfeasor." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). Rather, "a plaintiff seeking to impose liability on a municipality under § 1983 [must] identify a municipal 'policy' or 'custom' that caused the plaintiff's injury." *Bd. of County Comm'rs v. Brown*, 520 U.S. 397, 403 (1997) (citing *Monell*, 436 U.S. at 694); *see also Kirby v. City of Elizabeth City, N.C.*, 388 F.3d 440, 451 (4th Cir. 2004). Here, Plaintiff has failed in his Complaint or objections to identify any policy or custom of the Olanta Police Department that caused his rights to be violated. Accordingly, he has failed to state a cognizable § 1983 claim against this defendant, and therefore Olanta Police Department is entitled to dismissal from this action.

Finally, Defendant Lail should also be dismissed from this action. Plaintiff has sued

Defendant Lail for false arrest because she allegedly served Plaintiff with three (3) arrest warrants on September 15, 2010. Compl. at 4. However, a false arrest claim must fail where it is made "pursuant to a facially valid warrant." *Porterfield v. Lott*, 156 F.3d 563, 568 (4th Cir. 1998); *see also Dorn v. Town of Prosperity*, 375 F. App'x 284, 288 (4th Cir. 2010) (holding that "there can be no claim for false arrest where a person is arrested pursuant to a facially valid warrant"). Plaintiff clearly indicated in his Complaint that Defendant Lail arrested him pursuant to arrest warrants. Plaintiff additionally alleged that Defendant Lail "did a poor job investigating," *see* Compl. at 4, however, the law is well settled that negligence generally is not actionable under § 1983. *See Pink v. Lester*, 52 F.3d 73, 74-75 (4th Cir. 1995) (citing *Daniels v. Williams*, 474 U.S. 327, 330-32 (1986)). Accordingly, because negligence is not a constitutional violation, and Plaintiff has failed to state a cognizable § 1983 false arrest claim against Defendant Lail, this defendant should be dismissed from this action.

## Conclusion

The court has thoroughly reviewed the R & R, objections, and applicable law. For the reasons stated above and by the Magistrate Judge, the court hereby overrules all of Plaintiff's objections and adopts and incorporates herein by reference the R & R of the Magistrate Judge. Accordingly, Defendants Florence County Sheriff's Department, Williamsburg County Sheriff's Department, Olanta Police Department, and Pamela Lail are hereby **DISMISSED** *without prejudice*.

**IT IS SO ORDERED.**

                                              s/R. Bryan Harwell
                                              R. Bryan Harwell
                                              United States District Judge

Florence, South Carolina
February 28, 2011